A. M. FULLER v. THE CHAMPAIGN TWINE & BAGGING COMPANY.

JUSTICE OF THE PEACE — *Bill of Exceptions — Impeachment of Certificate.* A certificate of a justice of the peace, regular on its face, to a bill of exceptions, and bearing date within ten days after judgment, cannot be impeached by a certificate of the same justice made more than a month thereafter, which sets forth the circumstances under which the original certificate was made.

*Error from Shawnee District Court.*

THE opinion states the case.

*Webb, Campbell, & Spencer,* for plaintiff in error.

*J. W. Campbell,* for defendant in error.

Opinion by HOLT, C.: On the 4th day of February, 1886, the plaintiff in error, as defendant, in an action then pending before R. H. C. Searle, a justice of the peace in and for the county of Shawnee, recovered a judgment against defendant in error, plaintiff in said action, for $92.95 debt, and $10.45 costs. The plaintiff company afterward prepared and presented to said justice of the peace a bill of exceptions, to which he attached the following certificate:

"STATE OF KANSAS, SHAWNEE COUNTY, ss.— I, R. H. C. Searle, justice of the peace for the city of Topeka, Shawnee county, Kansas, do hereby certify that the above and foregoing bill of exceptions contains true and perfect copies of all the pleadings in said action, true and perfect copies of all written instruments introduced in evidence, and all the evidence introduced at the trial of said action, and all the proceedings had in said action; and I do hereby, on this 13th day of February, 1886, and within ten days from the date of judgment in said action, allow, make, sign and seal the same as a true and perfect bill of exceptions in said case.

R. H. C. SEARLE, *Justice of the Peace.*"

Afterward, on the 22d of March, 1886, at the request of the defendant, said justice made the certificate following:

"I, R. H. C. Searle, justice of the peace for the city of To-

peka, Shawnee county, Kansas, hereby certify that the above and foregoing is a true and perfect copy of a bill of exceptions presented to me by J. W. Campbell, attorney of record of the plaintiff in the above-entitled action, on the 13th day of February, 1886. That at the time the said bill of exceptions was presented to me I was at home sick, and as this was the last day under the law in which such bill could be allowed by me, I consented to and did compare said bill with the original papers in the case, and told the said J. W. Campbell that I could certify the same to be a true copy of all the pleadings and evidence filed in writing in the above-entitled cause, but that I was not in a condition to say that there might not have been other material evidence introduced at the trial, and was not willing to sign said bill of exceptions until the attorney for the defendant had had an opportunity of reading the same, and if he should recall to my recollection evidence that I deemed of importance, I should require the same to be inserted therein before signing. He, the said Campbell, informed me later in the day that he had notified L. J. Webb, attorney for the defendant, that I wished him to read the said bill and suggest any other evidence, if any there was, that was offered material to this case. L. J. Webb did not come to my house during the said 13th day of February. On the following Sunday morning, February 14, 1886, I signed said bill of exceptions as of the date of February 13, 1886, believing it incorporated all material evidence offered on the trial of the cause; but on the following day, Monday, February 15, 1886, defendant's attorney called my attention to several items of testimony material to the case that had been omitted, and left written *memoranda* of the substance of such testimony. Knowing this omitted evidence to have been used on the trial, and that the certificate I had signed as aforesaid was not true, I at once erased my name from said certificate, and refused to sign and allow said bill of exceptions unless all material evidence used at the trial was shown therein. I presented on the same day to the said J. W. Campbell said bill of exceptions, so marked, together with written *memoranda* of substance of the testimony so omitted, and asked him to make a new bill of exceptions which incorporated all that was implied by my certificate thereto; that he could have any reasonable time, not exceeding two or three weeks, in which to prepare and furnish the same; that I would sign and allow it as if it had been filed thus complete, under the date of February 13, 1886; that the defendant's attorney waived all rights to any

objection by reason of the delay aforesaid in the said filing; and that said defendant authorized me to so notify him, the said J. W. Campbell, of such waiver of right to object; since which time the said plaintiff has taken no steps in the matter until this time. The original, of which the above and foregoing is a copy, has been in my possession since February 13, 1886.

"In witness whereof, I hereunto set my hand this 22d day of March, 1886.    R. H. C. SEARLE, *Justice of the Peace.*"

On February 5, 1887, the case was reversed in the district court. From that judgment the defendant brings the case here for review. In his brief he raises the question whether the 15th day of February was within the time in which the justice of the peace could sign said bill of exceptions, or whether his erasure of the signature upon that date would have destroyed the validity of the bill of exceptions, and whether his signature on Sunday, the 14th day of February, was a nullity. None of these matters can be considered under the record as it appears here. The certificate of the 22d of March, so far as it shows the transactions of the bill of exceptions to be different from the certificate dated February 13, cannot be considered as evidence. It is no part of the duties of a justice of the peace, nor is he authorized by law, to make a certificate containing evidence similar to this sought to be offered here by the certificate of the 22d of March. More especially is this true after the expiration of the ten days allowed by statute in which to settle and sign a bill of exceptions. The certificate of the 13th of February upon its face shows that the bill of exceptions was properly and regularly settled and signed, and as there is no legal proof offered in this court to disturb such certificate, we must hold that it is valid, and in doing so we dispose of this case. There was no complaint or contention that the judgment of the district court was incorrect under the bill of exceptions signed and settled on the 13th day of February.

The judgment of the district court was correct, and must be affirmed.

By the Court: It is so ordered.

All the Justices concurring.